IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DALE LAWRENCE ROMIG,

    Plaintiff,               14cv0386
                              **ELECTRONICALLY FILED**

    v.

COMCAST CABLE,

    Defendant.

<u>MEMORANDUM ORDER DISMISSING PRO SE PLAINTIFF'S
AMENDED COMPLAINT (DOC. NO. 4) PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)</u>

**I.**      **Introduction**

Currently before the Court is an Amended Complaint filed by pro se Plaintiff Dale

Lawrence Romig ("Plaintiff") against Comcast Cable ("Defendant") for "negligen[ce] in

complying with 18 U.S. Code [§] 1468." Doc. No. 4.[1] For the following reasons, Plaintiff's

Amended Complaint (Doc. No. 4) will be **DISMISSED WITH PREJUDICE.**

**II.**     **Factual and Procedural Background**

Plaintiff filed a Complaint on March 24, 2014. Doc. No. 1. Plaintiff has paid the

mandatory filing fee. Doc. No. 1-2. On March 26, 2014, the Court issued an Order granting

Plaintiff leave to file an Amended Complaint that complied with the Federal Rules of Civil

Procedure. Doc. No. 2.

---

[1] Plaintiff previously filed a civil suit against Beaver County Government (09-cv-01105) and various law enforcement personnel. The case was terminated after Plaintiff filed a Motion to Withdraw. See Doc. No. 10 and 11/10/2009 Text Order. On January 14, 2014, Plaintiff filed suit against "Beaver County, PA." 14-cv-00053. Service is due by May 14, 2014.

On March 31, 2014, Plaintiff filed an Amended Complaint. Doc. No. 4. In the Amended Complaint, Plaintiff alleges that Defendant violated 18 U.S.C. § 1468 through its intentional negligent distribution of obscene material to his residence. Doc. No. 4.

## III. Standard of Review

In order to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint presented to this Court must contain pleadings of facts sufficient to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

This Court may not dismiss a complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a complaint that provides adequate facts to establish "how, when, and where" will survive dismissal. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

This Court, however, need not wait for any Defendant to file a Motion to Dismiss a complaint, as a District Court "may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action." *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980)*; see Schneller ex rel. Schneller v. Fox Subacute at Clara Burke*, 317 Fed. Appx. 135, 138 (3d Cir. 2008); *Roman v. Jeffes*, 904 F.2d 192, 196 & n.8 (3d Cir. 1990).

## IV. Discussion

As pled, Plaintiff's Amended Complaint details a customer service dispute. The Court does not have jurisdiction over such matters. In his Amended Complaint, Plaintiff references 18 U.S.C. § 1468 as grounds for this cause of action; however, that statute is a portion of the Crimes and Criminal Procedure Code. Plaintiff also requests relief in the form of "$500,000,000.00." Doc. No. 4. The sum of Plaintiff's factual allegations are as follows:

> In late January 2013, I requested Comcast Cable to stop distributing obscene material by cable to the Comcast Cable box in my house. On 02/01/2014 a Comcast service technician came to my house to make some adjustments. He arrived in the morning and made some adjustments. When he left he said all the pornography channels and pornography movie channels had been blocked permanently. Something went wrong with his adjustments. Not all of the pornography channels were blocked. My Comcast Cable bill documents this fact. The channels that were blocked only remained blocked for 24 hours. On 02/04/2013 I canceled my Comcast Cable services. Comcast shut off all services on 02/04/2013; however, Comcast continued to bill me for the rest of February, March, and April. I had to report Comcast to the Pennsylvania State Attorney General's office to stop sending me incorrect bills and to obtain a partial refund under their 30 day money back guarantee. The April bill claimed I owed them $508/96. Comcast finally relented and sent me a partial refund check for $84.16. Comcast was negligent in complying with 18 U.S. Code [§] 1468.

Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plaint statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the ground on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Though this Court must accept all allegations in Plaintiff's Amended Complaint as true, *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008), Plaintiff fails to state a cognizable claim upon which relief can be granted. Therefore, Plaintiff's factual averments are not sufficient to advance a federal claim.

Plaintiff's allegations rest upon the statement that "[s]omething went wrong with [the technician's] adjustments[]" when they came to block the Plaintiff's "pornography channels and

pornography movie channels[.]" Doc. No. 4. Plaintiff merely details what appears to be a

customer service dispute over a failed adjustment to his service plan. Federal District Courts

have jurisdiction only in matters involving a federal question, diversity of citizenship, or other

limited statutorily provided areas. 28 U.S.C. §§ 1331, 1332. This Court does not have

jurisdiction over this matter.

Further, Plaintiff's reference to 18 U.S.C. § 1468 is erroneous as applied to the factual

allegations provided in the Amended Complaint. 18 U.S.C. § 1468 is a criminal statute. Title

18, Part 1, Chapter 1 states:

> Whereas the Attorney General, as the chief law officer of the Federal
> Government, is charged with the responsibility for all prosecutions for violations
> of the Federal criminal statutes and is authorized under the Law Enforcement
> Assistance Act of 1965 (79 Stat. 828) [formerly set out as a note preceding § 3001
> of this title] to cooperate with and assist State, local, or other public or private
> agencies in matters relating to law enforcement organization, techniques and
> practices, and the prevention and control of crime . . . it is ordered as follows . . .
> The Attorney General is hereby designated to facilitate and coordinate (1) the
> criminal law enforcement activities and crime prevention programs of all Federal
> departments and agencies, and (2) the activities of such departments and agencies
> relating to the development and implementation of Federal programs which are
> designed, in whole or in substantial part, to assist State and local law enforcement
> agencies and crime prevention activities. The Attorney General may promulgate
> such rules and regulations and take such actions as he shall deem necessary or
> appropriate to carry out his functions under this Order.

Thus, only the Attorney General is empowered with the requisite standing under Title 18 to

pursue such claims, unless specifically stated otherwise. *See, e.g., U.S. v. City of Philadelpha*,

644 F.2d 187 (3d Cir. 1980); *Rokhvarg v. Dept. of Community Affairs*, 363 Fed.Appx. 201 (3d

Cir. 2010). Plaintiff cannot advance a civil claim for an alleged violation of a criminal statute.

In conclusion, a District Court may dismiss a paid complaint *sua sponte* when appropriate

under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can

be granted. *See Schneller ex rel Schneller v. Fox Subacute at Clara Burke*, 317 Fed. Appx. 135,

138 (3d Cir. 2008), *Roman v. Jeffes*, 904 F.2d 192, 196 & N.8 (3d Cir. 1990). Because Plaintiff neither alleges, with any specificity, any actual conduct that amounts to a cognizable claim and because Plaintiff does not so much as attempt to link the Defendants to any wrongful conduct, this Court must "conclude that [Plaintiff's amended] complaint has not nudged [his] claims . . . across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). Therefore, Plaintiff's Amended Complaint (Doc. No. 4) will be DISMISSED WITH PREJUDICE.

## V.    Conclusion and Order

For the reasons discussed above, this 3rd day of April, 2014, IT IS HEREBY ORDERED THAT:

1.  Plaintiff's Amended Complaint (Doc. No. 4) is **DISMISSED WITH PREJUDICE**, and

2.  The Clerk of Court shall mark this **CASE CLOSED**.


/s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All Registered ECF Counsel and Parties

**DALE LAWRENCE ROMIG**
623 Sohn Road
Aliquippa, PA 15001-3829
PRO SE